UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Desiree Thomas,   Case No. 04-62459
                        Chapter 13
         Debtor.        Hon. Marci B. McIvor
_____/

## OPINION SUSTAINING IN PART TRUSTEE'S OBJECTION TO FIRST APPLICATION FOR APPROVAL OF PAYMENT OF POST CONFIRMATION ATTORNEY'S FEES

This matter is before the Court on the Trustee's Objection to First Application for Approval of Payment of Post Confirmation Attorney Fees Through Chapter 13 Plan Pursuant to Rule 2016-2 for the Period September 19, 2003 to March 24, 2006. Debtor's Counsel seeks post-confirmation fees of $1,470.00. The Trustee objects to the overall fees requested as unreasonable and excessive in light of the services rendered. For the reasons stated in this Opinion, the Trustee's objection are sustained in part and Debtor's Counsel is awarded fees and costs of $ 1,090.00.

### Jurisdiction

This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a).

### Statement of Facts

Debtor filed a voluntary Chapter 13 bankruptcy petition on August 10, 2004. An Order Confirming Plan was entered on December 17, 2004. Debtor made payments as required by the plan until she became seriously ill, at which time she stopped making plan payments. When Debtor recovered from her illness, she made two plan payments before her case was dismissed for poor payment history on April 7, 2006.

On March 24, 2006, Debtor's Counsel filed the present application for post-

confirmation fees of $1,470.00 for services rendered from December 18, 2004 through March 4, 2006.[1]  The Trustee objects to the fees sought arguing that they are unreasonable and excessive in light of the fact that the case was ultimately dismissed. Debtor's Counsel contends that the post-confirmation services were rendered in a legitimate and reasonable attempt to save the Debtor's plan from dismissal.

## Standard for Fee Awards in Bankruptcy

A court has the duty to review all fee applications, regardless of whether an objection has been filed, in order to protect the assets of the estate for the benefit of the creditors.  11 U.S.C. § 330(a)(2); *In re Bush*, 131 B.R. 364, 365 (Bankr. W.D. Mich. 1991).  A bankruptcy court has broad discretion in determining fee awards.  *Manufacturers Nat'l Bank v. Auto Specialities Mfg. Co. (In re Auto Specialities Mfg. Co.)*, 18 F.3d 358 (6th Cir. 1994).

Section 330(a)(1) of the Bankruptcy Code provides that the court may award an attorney reasonable compensation for actual, necessary services rendered.  11 U.S.C. § 330(a)(1).  Section 330(a) provides, in pertinent part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --
>
> (A) <u>reasonable compensation for actual, necessary services</u> rendered by the trustee, examiner, professional person, or attorney and by any para-professional personal employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

---

[1]To date, Counsel has received total fees of $1,800.00.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant facts, including

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --

> (i) unnecessary duplication of services; or
>
> (ii) services that were not --
>
>> (I) reasonably likely to benefit the debtor's estate, or;
>> (II) necessary to the administration of the case.

11 U.S.C. § 330(a) (emphasis added).

To summarize, 11 U.S.C. § 330(a) requires that requested fees must meet three conditions. The fees must be: (1) reasonable; (2) incurred for services that were actually rendered; and (3) incurred for services that were necessary. *In re Allied Computer*

3

*Repair, Inc.*, 202 B.R. 877 (Bankr. W.D. Ky. 1996).

The Sixth Circuit has adopted a "lodestar method" for actually applying the requirements set forth in 11 U.S.C. § 330. *In re Boddy,* 950 F.2d 334, 337 (6th Cir. 1991). The lodestar method requires that the court first determine a reasonable hourly rate, and then multiply the rate times the reasonable number of hours expended to perform actual, necessary services. The Court may "then determine whether a global reduction or enhancement of the fees is in order." *In re Atwell*, 148 B.R 483, 492-93 (W.D. Ky. 1993). The ability to review fee applications in the context of each individual case "permits the Court to balance the following two competing interests: (1) rewarding the attorney practicing bankruptcy on a level commensurate with other areas of practice; against (2) the need to encourage cost-conscious administration." *Allied Computer Repair, Inc.*, 202 B.R. at 884-85. The burden of proof is upon the applicant to justify the requested fees. *In re Hamilton Hardware Co., Inc.*, 11 B.R. 326 (Bankr. E.D. Mich. 1981).

Having reviewed the pleadings and the file in the present case, the Court finds that Debtor's Counsel made a legitimate and reasonable attempt to save Debtor's chapter 13 case from dismissal. Counsel is entitled to fees related to that end. However, having carefully reviewed the Trustee's Objections to Counsel's fee application, the Court finds that reductions of the fees sought are appropriate in two instances: (1) services billed between January 14, 2005 and July 14, 2005 (1.4 hours at $200.00 per hour for a total of $280.00) are services which should have been covered by Counsel's initial $1,800.00 fee, and (2) services billed on September 19, 2005 (.5 hours at $200.00 per hour for a total of

$100.00) relate to the filing of a motion to excuse plan payments which was never fully pursued prior to dismissal. The present Motion for Fees is therefore, reduced by $380.00.

## Conclusion

For the foregoing reasons, the Trustee's Objection to Debtor's Counsel's First Application for Approval of Payment of Post Confirmation Attorneys Fees is sustained in part. Debtor's Counsel is awarded fees in the amount of $1,090.00.

**Entered: May 17, 2006**

                                  **/s/ Marci B. McIvor**
                            **Marci B. McIvor**
                            **United States Bankruptcy Judge**